

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-20-2005

# Salamone v. Mullin

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1678

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Salamone v. Mullin" (2005). *2005 Decisions.* Paper 992.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/992

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-1678

SALVATORE SALAMONE,

Appellant

v.

PATRICIA MULLIN, Assoc. Special Agent in Charge of the
Philadelphia Office of United States Immigration and Customs
and Enforcement (USICE) of the Department of Homeland
Security; THEODORE NORDMARK, Assistant District Director for
Deportation and Detention of USICE in Philadelphia;
DEPARTMENT OF HOMELAND SECURITY

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 03-cv-05622)
District Judge: Honorable Herbert J. Hutton

Argued December 7, 2004

Before: AMBRO, and VAN ANTWERPEN, <u>Circuit Judges</u>
SHADUR*, <u>District Judge</u>

(Opinion filed June 20, 2005)

_____ *Honorable Milton I. Shadur, United States District Judge for the Northern District
of Illinois, sitting by designation.

Steven A. Morley, Esquire (Argued)
Morley, Surin & Griffin
325 Chestnut Street
Suite 1305-P
Philadelphia, PA   19106

      Attorney for Appellant

Patrick L. Meehan
   United States Attorney
Virginia A. Gibson
   Assistant United States Attorney
Chief, Civil Division
Richard M. Bernstein (Argued)
   Assistant United States Attorney
615 Chestnut Street
Philadelphia, PA   19106

      Attorneys for Appellees

_____

OPINION

_____

AMBRO, <u>Circuit Judge</u>

Salvatore Salamone appeals the denial of his petition for a writ of *habeas corpus* in his immigration case. His legal efforts to remain in the United States have taken a long, winding path toward resolution. Partly because of legal developments during the case's progression and at least partly because of the parties' oversight in certain instances (for example, they failed to address governing statutory provisions until this Court directed them to do so), even the issues presented have been moving targets. Legal theories have shifted, some were abandoned and still others sprung to life too late.

2

In the end, we consider Salamone's contention that he has been denied a meaningful review—indeed, even an adjudication in the first instance—of his application for discretionary relief under former § 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c) (repealed), in violation of his right to due process of law. We agree, and for the reasons described below conclude that Salamone is entitled to an administrative adjudication of his application for discretionary relief before an immigration judge ("IJ").

I.

Salamone was lawfully admitted to the United States as a legal permanent resident on November 22, 1963. On April 15, 1985, he was convicted in the United States District Court for the Middle District of Pennsylvania for possession of an unregistered firearm and falsification of firearms transaction records. He was also convicted on June 24, 1987, in the United States District Court for the Southern District of New York for the offenses of false statements and conspiracy to violate currency laws. He served approximately nine years in prison for these convictions.

What is now the Department of Homeland Security ("DHS")[1] began deportation proceedings on August 8, 1994, charging Salamone with deportability based on his prior

---

[1] As a result of the Homeland Security Act of 2002, Pub. L. No. 107-296 (2002), what was formerly the Immigration and Naturalization Service has ceased to exist as an agency within the Department of Justice, and its enforcement functions have been transferred to DHS.

criminal convictions. Specifically, he was charged (1) under INA § 241(a)(2)(c), 8 U.S.C. § 1231(a)(2)(c), for his 1985 firearms convictions and (2) of having committed at least two crimes of moral turpitude under INA § 241(a)(2)(A)(ii), § 1231(a)(2)(A)(ii), for his 1987 convictions for false statements and violation of currency laws. On August 10, 1994, an IJ ruled that Salamone was deportable under § 241(a)(2)(C) for having been convicted of a firearms offense. The IJ dismissed the charge under § 241(a)(2)(A)(ii), determining that Salamone had been convicted of only one crime involving moral turpitude rather than the two or more such convictions required under § 241(a)(2)(A)(ii).

Salamone subsequently sought relief under former INA § 212(h), 8 U.S.C. § 1182(h), which then provided for "hardship waivers," and former INA § 212(c), which then gave IJs broad discretion to grant "discretionary waivers" of deportation for aliens who had accrued at least seven years' permanent residence. On October 15, 1996, the IJ granted Salamone a waiver under § 212(h), failing to make a final determination on Salamone's § 212(c) application, ostensibly because that application was rendered moot by the IJ's grant of relief on the alternative ground. On March 23, 1998, the Board of Immigration Appeals ("BIA") reversed, "rul[ing] that, according to reforms made to the INA after the IJ's . . . decision, Petitioner was no longer eligible for the waiver [under § 212(h)] because his firearms conviction qualified as an aggravated felony." Salamone v. Dept. of Homeland Security, 2004 WL 503544, *2 (Feb. 5, 2004). The BIA did not address Salamone's alternative argument that he was entitled to relief under § 212(c),

4

which was not discussed in the IJ's grant of § 212(h) relief. It entered a deportation order. Salamone did not seek review of this BIA determination.

In September 2003, Salamone was arrested on the BIA's outstanding order of deportation. As a result, on October 7, 2003, he filed a petition for a writ of *habeas corpus* in the District Court, arguing that he was deprived the opportunity to present his § 212(c) application.[2] The District Court denied his petition. We review his timely appeal.[3]

## II.

Before the District Court, the primary issue was the retroactivity of certain amendments to (and the subsequent repeal of) § 212(c). INA § 212(c), which was repealed by Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") § 304(b), 8 U.S.C. § 1182(b), enabled deportable aliens with seven years of lawful permanent residence to request discretionary relief from deportation. Even aliens who had been convicted of aggravated felonies could invoke this provision (if the term of imprisonment was less than five years). Prior to its repeal by IIRIRA, this provision was

---

[2] Salamone also argued that the BIA erred in vacating the IJ's grant of relief under § 212(h). At oral argument, Salamone's counsel indicated that, notwithstanding the extensive briefing on this issue, Salamone no longer wished to pursue this argument. In any event, for the reasons given by the District Court, we agree that the BIA's disposition of Salamone's § 212(h) claim was proper.

[3] The recent passage of The REAL ID Act of 2005, Pub. L. No. 109-13 (2005), creates yet another procedural wrinkle in the fabric of this dispute. It is unclear whether that Act converts this *habeas* appeal into a petition for review. Because we would reach the same result in either scenario in this case (given the clearly constitutional character of Salamone's argument) and because the practical effect of the Act is clear in this case (we remand to the BIA), we do not attempt to interpret the relevant language of the Act.

first limited by Antiterrorism and Effective Death Penalty Act ("AEDPA") § 440(d), 8 U.S.C. § 1182, which rendered aliens convicted of aggravated felonies ineligible for discretionary relief under INA § 212(c).

The District Court retroactively applied IIRIRA § 304(b) and AEDPA § 440(d) to bar Salamone's application for relief under § 212(c). In so doing, at the parties' urging, it relied primarily on INS v. St. Cyr, 533 U.S. 289 (1994). Unfortunately, the parties failed to address before the District Court (and the Court did not discover) two provisions of federal law that govern the retroactivity question in this case (and render St. Cyr inapplicable). 8 C.F.R. § 212.3(g) and IIRIRA § 309(c)(1), 8 U.S.C. § 1101, make clear that § 440(d) of AEDPA (amending INA § 212(c)) and IIRIRA's repeal of INA § 212(c), respectively, do not apply to applications under § 212(c) when deportation proceedings began before certain critical dates of effectiveness. There is no question that Salamone's deportation proceedings began before these critical dates and, thus, these two provisions are applicable. As a result, the District Court's retroactivity holding was legal error and Salamone's § 212(c) application was not foreclosed.

## III.

After appellate briefing had concluded, when it was asked to address the elusive legal provisions that govern the dispute, the Government asserted a last-minute exhaustion challenge to Salamone's petition. In essence, it argued that, by failing to cross-appeal to the BIA the IJ's "silent treatment" of his § 212(c) application, Salamone

6

failed to exhaust his administrative remedies and is thus barred from relief at this juncture. We disagree.

Salamone went before the BIA to defend against the Government's challenge of the IJ's grant of relief under § 212(h). The IJ had not rejected—indeed, had not addressed—Salamone's § 212(c) application. The IJ's decision reflects his determination, as the Government concedes, that the grant of relief under § 212(h) rendered Salamone's § 212(c) application "pretermitted as moot." Because the IJ failed to address this conclusion in his opinion, the BIA understandably failed to remand Salamone's case for adjudication of his § 212(c) application in the first instance.

Salamone was required to exhaust only claims and remedies that were "available to [him] as of right." 8 U.S.C. § 1252(d)(1). Because of the unique procedural posture in this case, Salamone did exhaust the remedies that were actually available to him by raising his § 212(c) claim before the IJ in the first instance. In other words, Salamone's § 212(c) claim was not actually available to him before the BIA because the BIA's appellate jurisdiction is limited to review of the actual determinations made by the IJ. See 8 C.F.R. § 1003.1(b) and (d).

Had the IJ included his pretermission conclusion in his opinion—or *any* reference to Salamone's § 212(c) application—there is no question that the BIA would have been obliged to remand Salamone's case for a § 212(c) determination (or to otherwise address his application) once it overruled the grant of § 212(h) relief. The Government's

7

exhaustion argument turns not on Salamone's conduct but on the (lack of) completeness of the IJ's opinion.

The only action that Salamone conceivably could have taken to raise his arguments under § 212(c) once the BIA reversed the IJ's grant of § 212(h) relief would have been to file a motion to reconsider or reopen pursuant to 8 C.F.R. § 1003.2. However, because the grant or denial of a motion to reconsider or reopen is completely discretionary, such a motion cannot be a remedy available "as of right." See Noriega-Lopez v. Ashcroft, 335 F.3d 874, 881 (9th Cir. 2003); Castro-Cortez v. INS, 239 F.3d 1037, 1045 (9th Cir. 2001) ("[B]ecause the BIA need not actually reopen its prior decision, a motion to reopen is considered a request for discretionary relief, and does not constitute a remedy that must be exhausted.").

For these reasons, we conclude that Salamone did not fail to exhaust administrative remedies available to him as of right. Given the unique posture of this case, Salamone is not to be faulted for his § 212(c) application's fall through the proverbial cracks.

IV.

We thus vacate the District Court's order denying Salamone's *habeas* petition and remand this case to the BIA for further proceedings consistent with this opinion.